UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HENSON, | No. 2:16-cv-1908-EFB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DARREN GRIEM, | |
| Respondent. | |

Petitioner is a former state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Rule 4 of the Rules Governing Section 2254 Cases calls for dismissal of a petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus on its own motion under Rule 4. However, the court should not dismiss a petition without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*,

/////

440 F.2d 13, 14 (9th Cir. 1971). For the reasons explained below, the petition here must be dismissed, without leave to amend, because the claims raised therein are not exhausted.[1]

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.

Under the "Exhaustion" section of the amended petition, petitioner argues that exhaustion of his actual innocence claim in the state courts would be "futile" and that he should be "excused from the exhaustion requirement" because of the "flagrant Constitutional violation" caused by the prosecuting attorney, the public defender, and the judge. ECF No. 7, § VII, ¶¶ 7.9, 7.12. Petitioner asserts that because the "system . . . has failed" him, he "should have the option to have [his] claim[ ] heard in the Federal district court . . . ." *Id.* ¶ 7.13-7.14. He also confirms that he never presented any of his federal claims to the state courts.[2] *Id.* at 25, ¶ 13.[3]

---

[1] The court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

[2] In doing so, petitioner refers the court to an "in-camera inspection document," which does not comply with the court's local rules governing requests to seal and requests for protective orders. ECF No. 7 at 25, ¶ 13; *see also* E.D. Cal. Local Rules 140 & 141.1. The unsigned document (ECF No. 13), which also fails to comply with Rule 11 of the Federal Rules of Civil Procedure, does not offer any basis for excusing petitioner from the exhaustion requirement.

In light of these representations, it appears from the petition that petitioner's claims are totally unexhausted. Although petitioner believes that the system "failed" him, he has not shown that he was prevented from presenting his claims to the state courts, or that any appeal to the state courts would be futile. Petitioner is not entitled to "bypass the state courts simply because he thinks they will be unsympathetic . . . ." *Engle v. Isaac*, 456 U.S. 107, 109 (1982). Accordingly, petitioner has failed to exhaust state court remedies, as the California Supreme Court has not yet had the opportunity to resolve petitioner's claims on their merits. *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). This action must therefore be summarily dismissed. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust.").

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that the petition be dismissed without leave to amend and that all outstanding motions be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing

/////
/////

---

[3] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

§ 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: April 20, 2017.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE