UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HENSON,<br><br>       Petitioner,<br><br>  v.<br><br>DARREN GRIEM, Captain,<br><br>       Respondent. | No. 2:16-cv-1908-JAM-EFB<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL** |

    The Court issued its Order adopting the magistrate judge's Findings and Recommendations ("F&R") and dismissing John Henson's ("Petitioner") petition without leave to amend on June 29, 2017. Order, ECF No. 12. In doing so, the Court found that Petitioner has no tenable claim for relief. See F&R, ECF No. 11, at 1-2. Petitioner failed to exhaust his state court remedies. See id. at 3 ("[P]etitioner's claims are totally unexhausted."). In its Order, the Court also declined to issue a certificate of appealability. Order at 2.

    Petitioner was required to file a notice of appeal with the district clerk within thirty days after entry of the judgment or order appealed from. Fed. R. App. P. 4. On August 3, 2017,

1

Petitioner filed a Motion for Extension of Time to file his appeal. ECF No. 17. The motion remained pending as the appeal was processed to the Ninth Circuit. ECF No. 19. On November 29, 2017, the Ninth Circuit remanded the matter to this Court for the limited purpose of allowing the Court to rule on Petitioner's Motion for Extension of Time. Remand Order, ECF No. 22.

Under Federal Rule of Appellate Procedure 4, the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered. The district court may only do so if (A) the court finds that the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry, (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Fed. R. Civ. P. 77(d) of the entry, and (C) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

The Court finds the above criteria have been met in this case. First, Petitioner's motion and the docket in this case show that Petitioner did not receive notice of the entry of judgment. See Mot. at 1 ("Prisoner never received notice of magistrate judge's 'Report and Recommendations' or the court's final order[.]"); ECF Docket, July 10, 2017 ("Mail Returned as Undeliverable, Not in Custody."). Second, the motion was filed within 180 days after judgment was entered. Third, given the nature of this case, there is no prejudice to Respondent.

Although motions under Rule 4(a)(6) are typically subject to the local rules regarding notice, the Court finds that departure

2

from those rules is appropriate under the circumstances.  <u>Nunley v. City of L.A.</u>, 52 F.3d 792 (1995) ("[W]e hold that notice in accordance with the local rules is required under Rule 4(a)(6), . . . .  However, a district judge has broad discretion to depart from local rules, including the service requirements, where it makes sense to do so and substantial rights are not at stake.").  This case involves a habeas petition which was summarily dismissed for failure to exhaust state remedies.  The motion does not affect the rights and interests of a private party apart from Petitioner.

    For the reasons set forth above, the Court GRANTS Petitioner's Motion for Extension of Time.  As stated in the Remand Order, Petitioner need not file a new notice of appeal.  The clerk is directed to serve a copy of this decision on the Ninth Circuit.

    IT IS SO ORDERED.

Dated: November 29, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE